LECLAIRRYAN
Robert S. McWhorter (CA 226186)
Kevin T. Collins (CA 185427)
980 9th Street, 16th Floor
Sacramento, CA 95814
Telephone: 916.449.9690
Facsimile: 916.449.9694
robert.mcwhorter@leclairryan.com
kevin.collins@leclairryan.com

Brian C. Vanderhoof
725 S. Figueroa St., Suite 350
Los Angeles, CA 90017
Telephone: 213.337.3247
Facsimile: 213.624.3755
brian.vanderhoof@leclairryan.com

Attorneys for Defendants
GREGORY SANDERS, CATHY SANDERS,
erroneously sued as KATHY SANDERS,
and CAR REGISTRATION, INC. erroneously
sued as EZTAGS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CARTAGZ, INC., a California corporation, | Case No.: 2:15-cv-01918-MCE-AC |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION** |
| v. | |
| GREGORY SANDERS; KATHY SANDERS; EZTAGS, INC., a California corporation; and DOES 1 through 95, inclusive | |
| Defendants. | |

## I. PURPOSES, LIMITATIONS AND SCOPE

1. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. This Protective Order shall govern any document, thing, or information that is designated as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, as defined herein[1] and that is produced or disclosed by any party or non-party in connection with the above-captioned action ("Action"). Documents and other information produced in this Action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used only for purposes of this Action. The forms of information which may be subject to this Protective Order include, but are not limited to, documents and things, responses to requests to produce documents, responses to interrogatories, responses to requests for admissions, subpoenaed documents, deposition testimony and exhibits, deposition transcripts, and all copies, extracts, summaries, compilations,

---

[1] For the purpose of this order, "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" have the same meaning and effect and can be used interchangeably.

designations and portions thereof (collectively "Discovery Materials").

3. All Discovery Materials produced in discovery in this Action and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used solely for the purpose of pre-trial proceedings (including, but not limited to, motions and briefing), settlement, trial preparation, trial, and appeals in connection with this Action. Discovery Materials shall not be used for any business or non-litigation related purpose whatsoever.

## II. DEFINITIONS

4. The following definitions apply in this Protective Order:

(a) The designation "CONFIDENTIAL" may be applied by any Party or non-party to any Discovery Materials that contain information that is not publically available.

(b) The designation "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be applied by any party to highly sensitive forms of information, including, but not limited to: (i) trade secrets as defined in Cal. Civ. Code § 3426.1(d); and/or (ii) extremely sensitive "CONFIDENTIAL" information or items whose disclosure to another Party or non-party would create a substantial risk of injury that could not be avoided by less restrictive means.

(c) "CONFIDENTIAL INFORMATION" refers to all information that is subject to the designations "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as described above.

(d) "Party" means every party to this Action and every director, officer, employee, and managing agent of every party to this Action.

(e) "Order" means this Protective Order.

    (f)    The scope of this Protective Order shall be understood and interpreted to encompass not only those items or things which consist of or include CONFIDENTIAL INFORMATION, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral statements derived therefrom or related thereto.

    (g)    "Producing Party" means a Party or non-party that produces disclosure or DISCOVERY MATERIAL in this Action.

    (h)    "Receiving Party" means a Party that receives disclosure or DISCOVERY MATERIAL from a Producing Party.

    (i)    "Designating Party" means a Party or non-party that designates Discovery Materials or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

## III. TERMS OF THE PROTECTIVE ORDER

### A. Designation

5.    The designation of CONFIDENTIAL INFORMATION shall be made in the following manner:

    (a)    For documents, by placing the appropriate designation on each page of the document;

    (b)    For tangible objects, by placing a label or tag with the appropriate designation on the object or the container therefor, or, if not practicable, as otherwise agreed;

    (c)    For written responses to discovery by placing the appropriate designation on the page(s) containing the relevant responses and on the face of the document containing such designations; and

    (d)    For depositions, during the deposition or in writing

within twenty (20) days after receipt by the Designating Party of the transcript of the deposition.

### B. Manner of Designating Documents

6. A Party shall designate documents containing CONFIDENTIAL INFORMATION by placing a legend in plain view on each page of any document that the Party wishes to protect against disclosure or use pursuant to this Order. This legend shall state "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

### C. Manner of Designating Depositions

7. A deposition transcript comprising or containing CONFIDENTIAL INFORMATION shall be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by requesting such treatment thereof either on the record at the time of the deposition or by written notice after service of the deposition transcript. If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall instruct the court reporter to stamp or mark each page of the transcript containing the CONFIDENTIAL INFORMATION with the terms "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The requesting party may also instruct the court reporter to separately bind the pages of the transcript that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition transcript, such written notice shall be mailed to all other parties within thirty (30) days after completion and service of the transcript by the court reporter. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order. Documents or things used as

exhibits at a deposition that a Party desires to be subject to this Order shall be separately stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the manner described above.

8. The Parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in paragraph 14 for a period of thirty (30) days after completion and service of the transcript by the court reporter in order to give adequate time for a Party or non-party to provide written notice to designate deposition testimony or exhibits used at depositions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," except that deposition transcripts and exhibits used at depositions may be filed under seal with the Court in accordance with paragraph 16 for use in connection with the proceedings in this Action at any time.

### D.      Designation of Information Produced by Non-Parties

9. Any Party may designate documents or things produced by a non-party pursuant to a subpoena or otherwise as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by providing written notice to each other Party within fifteen (15) days of receipt of the documents or things produced by the non-party. Such written notice shall specifically identify each page of each document or each thing produced by the non-party that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Order.

10. The Parties shall not disseminate documents or things produced by a non-party beyond the persons designated in paragraph 14 for a period of thirty (30) days after service of the documents or things in order to give adequate time for a Party or non-party to provide written notice to designate the documents or things produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," except that the documents or things produced by a non-party may be filed under seal with the Court in accordance with paragraph 16 for use in connection with the proceedings

in this Action at any time.

### E. Inadvertent Production

11. Each Party retains the right to subsequently re-designate documents and to require such documents to be treated in accordance with such designations from that time forward. An inadvertent or unintentional failure to designate qualified information or things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be construed as a waiver, in whole or in part, of (i) any Party's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or subsequent to that date, or (ii) any Party's right to designate said material as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order. In the event of an inadvertent or unintentional failure to designate qualified information or things, the Producing Party shall promptly notify the Receiving Party that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL. The Producing Party shall further provide the Receiving Party with substitute copies of the affected documents, marked with the appropriate confidentiality designation in accordance with this Order.

12. Upon receiving notice of the confidentiality designation of previously-produced materials, the Receiving Party shall take reasonable steps to retrieve and destroy all undesignated copies of the materials, and shall treat the newly designated materials according to their confidentiality designation under this Order. Prior to a change in designation by the Producing Party, however, the Receiving Party shall not be precluded from using the information according to its then-existing designation or as undesignated if it had no previous designation. No Party shall be deemed to be in violation of this Order with respect to the disclosure of any Discovery Material to any other persons prior to the designation of the Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

pursuant to this Order.

13. Inadvertent or unintentional production of privileged or work product information will not be construed as an intentional waiver, in whole or in part, of the privileged or the work product status of the information inadvertently or unintentionally disclosed. In the event of an inadvertent or unintentional production of privileged or work product information, the Producing Party shall promptly notify the Receiving Party that the information is privileged or is work product. The Producing Party shall further provide the Receiving Party with substitute copies of the affected documents in which the privileged or work product information has been redacted.

14. Upon receiving notice of the Producing Party's claim of the privileged or work product status of previously-produced information, the Receiving Party shall take reasonable steps to retrieve and destroy all un-redacted copies of the materials containing the privileged or work product information.

### F. Access to Confidential Information

15. Discovery Material designated as "CONFIDENTIAL" may be disclosed by the Receiving Party to only the following persons:

(a) outside attorneys of record for any Party in connection with this Action ("Outside Counsel"), and to the support personnel employed by Outside Counsel including law clerks, paralegals, assistants, secretaries, and clerical staff;

(b) organizations retained by Outside Counsel to provide litigation support services in this Action, including, but not limited to, document imaging services and services producing graphic or visual aids, provided, however, that before any such person is permitted access to any CONFIDENTIAL INFORMATION;

(c) independent outside experts and consultants retained by

Outside Counsel or a Party in connection with this Action, provided, however, that any such expert or consultant meets the conditions set forth in paragraph 17, and further provided that before any such person is permitted access to any CONFIDENTIAL INFORMATION, such person or a supervising individual in his or her organization shall have signed the "Non-Disclosure Agreement" (Exhibit A);

 (d) the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for the handling of this litigation and who have signed the "Non-Disclosure Agreement" (Exhibit A);

 (e) any court or other shorthand reporters, videographers, translators, or interpreters involved in the taking, recording, transcribing, or translating testimony in this Action;

 (f) any mediator, arbitrator or referee retained by the Parties to assist them in alternative dispute resolution proceedings relating to this Action on a confidential basis;

 (g) the author of the document containing the CONFIDENTIAL INFORMATION, or persons to whom such document or copies thereof were addressed or delivered;

 (h) the Court and its personnel and all appropriate courts of appellate jurisdiction; and

 (i) such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

**G.** **Access to Highly Confidential Information**

16. Discovery Material designated as "HIGHLY CONFIDENTIAL" may be disclosed by the Receiving Party to only the following persons:

 (a) outside attorneys of record for any Party in connection

with this Action ("Outside Counsel"), and to the support personnel employed by Outside Counsel including law clerks, paralegals, assistants, secretaries, and clerical staff;

(b) organizations retained by Outside Counsel to provide litigation support services in this Action, including, but not limited to, document imaging services and services producing graphic or visual aids, provided, however, that before any such person is permitted access to any CONFIDENTIAL INFORMATION, such person or a supervising individual in his or her organization shall have signed the "Non-Disclosure Agreement" (Exhibit A);

(c) independent outside experts and consultants retained by Outside Counsel or a Party in connection with this Action, provided, however, that any such expert or consultant meets the conditions set forth in paragraph 17, and further provided that before any such person is permitted access to any CONFIDENTIAL INFORMATION, such person or a supervising individual in his or her organization shall have signed the "Non-Disclosure Agreement" (Exhibit A);

(d) any court or other shorthand reporters, videographers, translators, or interpreters involved in the taking, recording, transcribing, or translating testimony in this Action;

(e) any mediator, arbitrator or referee retained by the Parties to assist them in alternative dispute resolution proceedings relating to this Action on a confidential basis;

(f) the author of the document containing the CONFIDENTIAL INFORMATION, or persons to whom such document or copies thereof were addressed or delivered;

(g) the Court and its personnel and all appropriate courts of

appellate jurisdiction; and

(h)     such other persons as hereafter may be designated by written agreement of the Parties or by order of the Court.

### H.     Disclosure of Confidential Information to Outside Experts and Consultants

17.     The outside experts and consultants referenced in paragraphs 15(c) and 16(c) shall not include any of the following: (a) the Parties to the Action; (b) present or former officers, directors, members, employees, servants, investors, suppliers, vendors, subcontractors, agents, or other representatives acting on a Party's behalf; or (c) known business competitors to any of the Parties to this Action.

### I.     Filing Confidential Documents with the Court

18.     All information designated as CONFIDENTIAL INFORMATION which is to be filed or lodged with the Court, or any pleading, memorandum, declaration, exhibit or other document purporting to reproduce or paraphrase such information, shall be filed under seal in accordance with Local Rule 141.

### J.     Effect of Confidential Designations

19.     The designation of Discovery Material as CONFIDENTIAL INFORMATION shall be deemed effective unless and until the Court orders otherwise or the Designating Party withdraws the designation.

20.     The designation by a Party of any document, material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is intended solely to facilitate discovery in this Action.  This Order shall not prejudice the right of any Party to bring before the Court a motion in compliance with Local Rule 251 or other applicable rules seeking a determination that information produced by another Party has been improperly designated as CONFIDENTIAL INFORMATION and that such information should not be subject to the terms of

this Order. In any challenge to a designation, the Designating Party bears the burden of proof to establish the necessity of the designation, except that the Party bringing such motion shall have the burden of proving that the information designated as CONFIDENTIAL INFORMATION has been publically disclosed or was in possession of the Receiving Party prior to its disclosure through discovery in this Action.

21. No Party shall be obligated to challenge the propriety of a confidentiality designation and the failure to do so shall not constitute acquiescence as to the appropriateness of the designation or otherwise preclude a subsequent challenge to the designation.

### K. Exceptions to this Order

22. Nothing contained in this Order shall affect the right of a Party to disclose or to use any of its own CONFIDENTIAL INFORMATION as it desires.

23. Nothing contained in this Order shall affect the right of a Party to disclose any CONFIDENTIAL INFORMATION to the author or addressees of any document containing such information.

24. The provisions of this Order shall not apply to, and any Party may seek to remove the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" of any information (a) available to the public at the time of its production hereunder, (b) available to the public after the time of its production through no act, or failure to act, by the Receiving Party, its counsel, representatives, experts, or consultants, or (c) obtained from a non-party having the right to disclose the information. The Receiving Party shall have the burden of proving that the information should not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the grounds set forth in this paragraph.

### L. Unauthorized Disclosure of Confidential Information

25. If a Receiving Party learns that, by inadvertence or otherwise, it has

disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request that such person or persons execute the "Non-Disclosure Agreement" (Exhibit A).

### M. Final Disposition of Action

26. After the final disposition of this Action, including appeals, any Party may serve written notice on the other Parties demanding that counsel of record for each Party promptly destroy, or see to the destruction of, all CONFIDENTIAL INFORMATION and all writings related thereto that are not in the custody of the Court, and certify to the Designating Party that such destruction has been done. As an exception to the above, counsel of record may retain a file copy of any pleadings or other documents filed with the Court, written discovery responses, and transcripts of depositions and trial testimony, together with all exhibits thereto. Counsel for the Parties may also retain copies of their work product that incorporates, describes, or refers to CONFIDENTIAL INFORMATION. The copies of these retained documents shall be treated as "HIGHLY CONFIDENTIAL."

### N. Survival of Terms

27. Absent written modification hereof by the Parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of CONFIDENTIAL INFORMATION shall survive the final disposition of this Action and shall continue to be binding on all persons subject to the terms of this Order.

### O. Violation of Order

28. In the event anyone shall violate or threaten to violate any term of this

Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy of law.  The Parties and any other person subject to the terms of this Order agree that this Court has jurisdiction over such person or party for the purpose of enforcing this Order.  In the event that any CONFIDENTIAL INFORMATION is disclosed by a Receiving Party in violation of this Order, the CONFIDENTIAL INFORMATION shall not lose its status as CONFIDENTIAL INFORMATION through such disclosure, and the Parties shall take all steps reasonably required to assure its continued confidentiality.

### P.     Subpoena in Another Action

29.     A Receiving Party that is served with a subpoena or other compulsory process seeking the production of CONFIDENTIAL INFORMATION shall promptly, and before producing such materials, notify the requesting party of this Order, and notify counsel for the Designating Party of the receipt of such compulsory process and provide counsel for the Designating Party with copies of that process.  Nothing in this Order, however, shall be construed as authorizing a Party to disobey a lawful subpoena issued in connection with another action or proceeding.

### Q.     Right to Assert Other Objections

30.     By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.  Nothing herein affects, in any way, the admissibility of any document,

testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews or sources other than via the discovery process or voluntary disclosure of information by any Party conducted under the terms of this Order.

### R. Use of Confidential Information at Trial

31. The Court will determine, in its sole discretion, how documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL will be treated during the trial of this Action. The Parties agree to request, prior to trial, that the Court make an appropriate order to maintain the confidentiality of CONFIDENTIAL INFORMATION during the course of the trial to the extent practicable.

### S. Modification of Order

32. Nothing herein shall preclude any Party upon proper notice to all other Parties from applying to the Court for any modification of this Order, for relief from the restrictions contained in this Order, or for further or additional protective orders.

**THE FOREGOING IS STIPULATED AND AGREED TO BY:**

Dated:  November 11, 2015            LECLAIRRYAN LLP


                                     By: */s/Kevin T. Collins*
                                         Kevin T. Collins
                                         Brian C. Vanderhoof

                                     Attorneys for Defendants and Cross-
                                     Complainants GREGORY SANDERS,
                                     CATHY SANDERS, erroneously sued
                                     as KATHY SANDERS, and CAR
                                     REGISTRATION, INC. erroneously
                                     sued as EZTAGS, INC.

Dated:  November 11, 2015            Law Offices of Matthew V. Brady

By: /s/ Matthew V. Brady(as authorized on 11/11/15)
Matthew V. Brady

Attorneys for Plaintiff Cartagz, Inc. a California Corporation

## **ORDER**

Pursuant to stipulation and good cause having been found, **IT IS SO ORDERED**.

Dated: November 20, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# NON-DISCLOSURE AGREEMENT

I, _____, state that:

1. My address is
_____.

2. My current employer is
_____.

3. My present occupation or job title is
_____.

4. I have received a copy of the Protective Order Re Confidentiality entered in the case of *Cartagz, Inc., v. Gregory Sanders*, *et al.*, United States District Court for the Eastern District of California Case No. CV 2:15-cv-01918-MCE-AC.

5. I have read and understand the Protective Order Re Confidentiality. I hereby agree to comply with all of the terms of the Protective Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of California for the purposes of enforcing the Protective Order Re Confidentiality and this agreement to be bound thereby.

Dated: _____          _____
                                   SIGNATURE

                                  _____
                                   PRINT NAME